Dear Senator Hines:
 This office is in receipt of your request for an opinion of the Attorney General in regard to Atty. Gen. Op. 04-255. You ask that the latter opinion be recalled.
 You state that this prior opinion "virtually negates any authority the Senate has regarding the confirmation process", and you particularly refer to "the statement that a commissioner not confirmed by the Senate remains a `De Facto Commissioner' after the Senate has adjourned."
You point out, "The Louisiana Constitution, Article 4, Sec. 5(H) establishes the Senate's constitutional authority relative to confirmation of a gubernatorial appointment. Paragraph (2) makes it clear that [F]ailure of the Senate to confirm the appointment, prior to the end of the session, shall constitute rejection'."
You further note that R.S. 24:14(G) provides that an appointment not confirmed during the regular session "shall" expire at the end of the session and a vacancy is immediately created for the position. Paragraph (H) then provides if an appointee is not confirmed and attempts to remain in office and act in his official capacity, any action taken in which he participates is null and void.
We agree with your observation that R.S. 24:14(G) provides that an appointment of an appointee not confirmed during the regular session "shall expire at the end of the session", but do not agree with your observation that the prior opinion concluded a commissioner not confirmed by the Senate remains a de facto commissioner after the senate has adjourned.
In this regard this office stated in Atty. Gen. Op. 04-255, with reliance upon Atty. Gen. Op. 89-408, that "appointments by the Governor must be confirmed by the Senate before the end of the regular session, but an unconfirmed Commissioner may legally serve on an interim basis until the end of the regular session."
Senator Don Hines
OPINION 04-225
It then further quoted from that opinion wherein it was stated, "The legal efficacy of the interim appointment dissolves at the end of the regular session if the appointment is not confirmed by the Senate, and the appointee may not be reappointed by the Governor during the recess of the legislature." (Emphasis added.)
This clearly does not support a conclusion that a commissioner that is not confirmed remains a de facto commissioner after the Senate adjourns.
Therefore, the opinion did not in any manner state that a commissioner not confirmed by the Senate remained a "De facto Commissioner" after the Senate adjourned, but only that an unconfirmed commissioner may serve "on an interim basis until the end of the regular session", and "the interim appointment dissolves at the end of the regular session" if not confirmed, and it is this interim service only that would be compensable.
Insofar as your observation that the opinion was based on some erroneous information included in the opinion, it should be noted that the request stated as follows:
 In 1997, Henry Baptiste was appointed by the Governor to act as commissioner on the Levee Board and confirmed by the Senate. Later that year Timothy M. Kane replaced Mr. Baptiste and then later resigned in 2000. On June 15, 2000, Governor Murphy Foster appointed Henry Baptiste to return and replace Timothy Kane on the Pontchartrain Levee Board. When the appointments for the Pontchartrain Levee Board were confirmed in June 2001, Henry Baptiste's name was not confirmed by the Senate.
 To the Pontchartrain Levee District's belief, Henry Baptiste had not actual knowledge of the failure of his actual confirmation to the board in June of 2001. In November of 2001, when the Levee District office received documentation regarding status and seat information of the board and commissioners, it was noticed by the office that Henry Baptiste's name was not listed. * * *
 After notice to the Senate, the Pontchartrain Levee District was under the assumption that the appointment of Henry Baptiste was valid and that his name not being listed for Senate confirmation was an oversight. Pursuant to that appointment, Mr. Baptiste continued to serve on the Pontchartrain Levee District Board.* * *
Senator Don Hines
OPINION 04-255A
 In May of 2003, it was brought to the attention of the Pontchartrain Levee Board that Mr. Baptiste's service on the Board as a commissioner may not be valid due to the fact that his name was not listed under Senate confirmations in 2001. At that time, Mr. Baptiste voluntarily discontinued his service as commissioner and is presently not acting as a commissioner to the Pontchartrain Levee District.
 We have accepted these facts as correct, but notwithstanding the facts, it is clear that the unconfirmed appointment was terminated at the end of the regular session in 2001 when the appointments that were confirmed did not include Mr. Baptiste.
We hope this sufficiently clarifies the earlier opinion and demonstrates its correctness, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By: _______________________
 BARBARA B. RUTLEDGE Assistant Attorney General
CCFJR./bbr